UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>AARON WILLIAMS,<br><br>　　　　　　Defendant. | CASE NO. CR00-0263C<br><br>ORDER |

　　　This matter comes before the Court on Defendant's motion for release from his term of imprisonment pending appeal (Dkt. No. 77). Having carefully considered the papers submitted by the parties in light of all the facts and circumstances in this case, and finding oral argument unnecessary, the Court will DENY Defendant's motion for the following reasons.

　　　In October 2000, Defendant pled guilty to one count of bank fraud and was sentenced to ten-days intermittent confinement and five-years' supervised release. (Mot. 1–2.) He was required to pay over $66,000 in restitution and to comply with drug-use restrictions as conditions of his release. (*Id.*) Over the last four years, Williams has violated these conditions on numerous occasions. (*Id.*; Opp'n 2–3.) At the latest of his revocation hearings in December, the Court stated that it had been "painted into a corner" by Defendant's repeated violations and imposed a four-month period of confinement followed by fifty-six months of supervised release. (Dkt. No. 76 at 4:14–16.) Williams appealed that judgment but turned himself into commence his period of confinement at FTC SeaTac

ORDER - 1

on January 17, 2006.  (Mot. 3.)

On appeal, the government conceded Defendant's argument that the Court erroneously imposed the fifty-six month period of supervised release.  (Opp'n 5.)  The parties now agree that although they failed to apprise the Court of this error, the maximum period of supervised release to which Williams could have been sentenced under 18 U.S.C. § 3583(h) was fifty-*two* months.  (*Id.*)  The government has thus joined Williams's request that the Ninth Circuit issue an order vacating the Court's judgment and remanding for resentencing.  (*Id.*)

However, Defendant has not challenged the imposition of the four-month term of imprisonment.  Thus, even were the Court to grant Defendant's motion, he concedes that upon resentencing the Court could simply reimpose the four-months of custody while correcting the term of supervised release.  This concession is highly relevant: under 18 U.S.C. § 3143(b), a defendant must show that he is eligible for release pending appeal by presenting clear and convincing evidence that, among other things, his appeal presents a substantial question of law likely to result in a sentence that does not include, or at least reduces, a term of imprisonment.

Although it appears likely that the Ninth Circuit will vacate the judgment and remand for resentencing, the Court does not agree that a mathematical error resulting in a four-month excess of supervised release presents a substantial question of law.  Nor does Defendant's appeal address the four-month period of imprisonment.  Instead, Defendant merely argues that the Court may wish to reconsider that portion of the sentence in light of his personal circumstances.  (Mot. 4.)  The Court is well aware of and is sympathetic to the challenging economic and personal circumstances facing Defendant's family at this time.  (*See id.*)

SO ORDERED this 1st day of March, 2006.

*signature*

UNITED STATES DISTRICT JUDGE

ORDER - 2